IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHEN SKELTON, SR., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No. 1:23-00453-KD-MU ) |
| LAKEVIEW LOAN SERVICING, LLC and ON Q FINANCIAL, LLC, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Motion for Leave to File Second Amended Complaint filed by Plaintiff Christopher Stephen Skelton, Sr. ("Plaintiff"). (Doc. 35). On December 1, 2023, Plaintiff filed a complaint against Defendants Lakeview Loan Servicing, LLC ("Lakeview") and On Q Financial, LLC ("On Q") (collectively the "existing Defendants"). (Doc. 1). On February 7, 2024, within twenty-one days of On Q's motion to dismiss,[1] Plaintiff filed an amended complaint. (Doc. 13). Plaintiff now seeks leave to file a second amended complaint to add new claims; add Defendants Dovenmuehle Mortgage, Inc. ("Dovenmuehle") and Prosperity Home Mortgage, LLC ("Prosperity") (collectively the "new Defendants"); change the factual allegations to "reflect newly discovered information"; and make certain stylistic and typographic changes. (Doc. 35 at 1). In addition, the instant motion was filed before the last date by which Plaintiff must move for leave to amend the complaint. (See Doc. 31).[2]

---

[1] A plaintiff may amend the complaint once as a matter of course within 21 days of service of a motion to dismiss under Rule 12(b). See Fed. R. Civ. P. 15(a)(1)(B).

[2] To file an amended pleading *after* the deadline set in a Rule 16(b) scheduling order, a plaintiff must first obtain a modification of the scheduling order and satisfy the rule's "good cause" requirement. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007) (per curiam) ("[D]espite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with the liberal amendment

1

At this stage in the litigation, and absent the existing Defendants' written consent, Rule 15(a)(2) applies and instructs the Court to "freely give leave" to amend the complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." Shipner v. E. Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). Courts "may consider several factors when deciding whether to grant a motion to amend, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340 (11th Cir. 2014) (cleaned up). Upon review, there is no indication in the record of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the existing Defendants via the amendment, and/or futility.

Since the Court has not ascertained any substantial reason to deny Plaintiff's motion, the interests of justice indicate that it should be granted. See Borden, Inc. v. Fla. E. Coast Ry. Co., 772 F.2d 750, 757 (11th Cir. 1985) ("There is a strong policy embodied in the Federal Rules of Civil Procedure, and Rule 15 particularly, favoring the liberality of amendment.").

Accordingly, any **objection** shall be filed on or before **August 5, 2024**. If no objection is filed, then the motion to amend is **GRANTED** without further action by this Court and Plaintiff shall file the **Second Amended Complaint** on or before **August 12, 2024**.[3]

---

instructions of Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend . . . after the court's deadline for such motions.").

[3] The existing and new Defendants are directed to S.D. Ala. CivLR 15(c) ("If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend. The time for a party that has not appeared in the action to serve an answer or other responsive pleading begins to run when that party is properly served with the amended pleading.").

    **DONE** and **ORDERED** this **29th** day of **July 2024**.

                                        **s / Kristi K. DuBose**
                                        **KRISTI K. DuBOSE**
                                        **UNITED STATES DISTRICT JUDGE**