IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHEN SKELTON, SR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CIVIL ACTION NO. 23-00453-KD-MU |
| LAKEVIEW LOAN SERVICING, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This action is before the Court on the motion for leave to file amended answer to second amended complaint, (Doc. 60), filed by Defendant Lakeview Loan Servicing, LLC ("Lakeview").[1] Lakeview's proposed Amended Answer adds cross-claims against co-defendants Dovenmuehle Mortgage Inc. ("Dovenmuehle") and On Q Financial, LLC ("On Q") for contribution and indemnification. Lakeview has complied with Local Rule 15(a)–(b) by attaching the proposed answer and stating the specific changes made. Upon consideration, and for the reasons set forth herein, the motion is **granted**.

Plaintiff added Dovenmuehle as a party to the case on August 6, 2024, when filing his second amended complaint. (Doc. 60 at 1). Dovenmuehle filed its answer to the second amended complaint on September 24, 2024, after the deadline to amend the pleadings had passed. (Id.; Doc. 31). On Q did not provide initial disclosures or any responses to written discovery until June 28, 2024. (Doc. 60 at 1). On Q had not filed an answer to the second amended complaint by the date of Lakeview's motion for leave to file an amended answer. (Id.).

Dovenmuehle's answer to the second amended complaint and discovery in this case has made clear to Lakeview "that Dovenmuehle and On Q were the parties responsible for purchasing the lender placed insurance policy ("LPI") on Plaintiff's home that is at the heart of the allegations in his Second

---

[1] Lakeview previously filed a motion for leave to amend its answer to Plaintiff's second amended complaint. (Doc. 57). That motion was denied because Plaintiff failed to address the good cause standard under Rule16(b). (Doc. 59).

Amended Complaint." (Id. at 1–2). Based on the admissions of On Q and Dovenmuehle, Lakeview considers it clear that On Q and Dovenmuehle are the cause of the issues of potential liability related to the LPI and the charging of those costs to Plaintiff. (Id. at 2).

Lakeview did not amend its answer within the time frame set forth in Fed. R. Civ. P. 15(a)(1). Moreover, the deadline for Lakeview to file a motion for leave to amend the pleadings has passed. (Doc. 31) (amending the 16(b) Scheduling Order and setting Defendants' deadline to file motions to amend pleadings as September 3, 2024). At this stage of the litigation, Lakeview must first obtain a modification of the 16(b) Scheduling Order and satisfy the rule's "good cause" requirement. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1367 (11th Cir. 2007); see also Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) ("[B]ecause Sosa's motion to amend was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).").

Lakeview's motion first addresses the good cause standard under Rule 16(b). Under Rule 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must have been diligent." Romero v. Drummond Co., 552 F.3d 1303, 1319 (11th Cir. 2008). "A party's diligence can be determined by its attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." Snadon v. Sew-Eurodrive, Inc., 859 F. App'x 896, 897 (11th Cir. 2021).

Here, Lakeview has established good cause for the modification of the schedule. Lakeview seeks to add cross-claims to its answer based on the admissions made by Dovenmuehle in its September 24, 2024 answer to the second amended complaint. (Doc. 60 at 2). Lakeview was anticipating On Q to make similar admissions to its answer in its answer to the second amended complaint, but On Q has yet to file an answer or respond to Lakeview's requests for indemnification. (Id.). Lakeview argues that there is good cause to modify the schedule because the new cross-claims asserted are based on information that became only recently available—after the deadline to amend the pleadings had passed—and that is still not fully available. (Id.). Lakeview also evidences its diligence in pursuing discovery by referencing the record. (Id. at 3–4). In sum, Lakeview seeks modification to address information it recently received, and Lakeview has displayed diligence in discovery. Thus, Lakeview has met the good cause standard.

2

Lakeview's motion also argues for leave to amend its answer based on Rule 15(a)(2)'s standard: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule provides a liberal amendment policy. See Smith, 487 F.3d at 1367. Reasons justifying denial include undue delay, bad faith, and undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962).

Here, the record does not show a reason justifying denial. Moreover, Plaintiff filed a notice of non-opposition to Lakeview's previous motion for leave to amend its answer. (Doc. 58). Plaintiff was also given time to object to the current motion and refrained. (Doc. 59). Therefore, Lakeview has met the Rule 15(a)(2) standard.

Lakeview's motion is **granted**. Lakeview is granted leave to file the amended pleading **on or before November 20, 2024.**

**DONE** and **ORDERED** this the **15th** day of **November 2024**.

                                              **/s/ Kristi K. DuBose**
                                              **KRISTI K. DuBOSE**
                                              **UNITED STATES DISTRICT JUDGE**